UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RODOLPHE MORESCA,<br>     Plaintiff, | :<br>:<br>: |
| v. | :    Case No. 3:21-cv-764 (OAW) |
| SERGEANT SETH O'BRIEN, ET AL.,<br>     Defendants. | :<br>:<br>: |

## INITIAL REVIEW ORDER

Plaintiff Rodolphe Moresca has filed an amended civil rights complaint *pro se* under 42 U.S.C. § 1983 against Stamford Police Sergeants Seth O'Brien and Bryan Cooper and Stamford Police Officer Michael Montanaro. Plaintiff alleges that on June 8, 2018, Defendants used unnecessary force against him in effectuating his arrest. For the reasons set forth below, the court will permit the excessive force claim to proceed against Defendants in their individual capacities.

### I. BACKGROUND

On June 8, 2018, Stamford Police Sergeants Cooper and O'Brien and Stamford Police Officer Montanaro arrested Plaintiff. Pl.'s Am. Compl. 5, at ¶ 1, ECF No. 7. Even though Plaintiff had placed both of his hands in the air to signal that he was not resisting his arrest, Sergeant Cooper slammed him to the ground. *Id.* ¶¶ 2-3. As Sergeant Cooper held Plaintiff on the ground, Officer Montanaro punched and kicked Plaintiff. *Id.* at 6 ¶ 4. Sergeants O'Brien and Cooper assaulted Plaintiff further as he lay on the ground. *Id.* ¶ 5.

At the Stamford Police station, Sergeants O'Brien and Cooper and Officer Montanaro processed Plaintiff. *Id.* ¶ 6. Plaintiff was then transported to Stamford Hospital for evaluation. *Id.* at ¶ 7. At Stamford Hospital, medical providers examined, assessed, and treated Plaintiff for

injuries that he suffered during his arrest. *Id.* ¶ 7. During his exam, medical providers observed swelling to Plaintiff's left eye, and determined that he had incurred two fractured ribs and a head injury. *Id.*

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 1915A(b), district courts must review prisoners' civil complaints against governmental actors and *sua sponte* "dismiss . . . any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also Liner v. Goord*, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (explaining that, under the Prisoner Litigation Reform Act, *sua sponte* dismissal of frivolous prisoner complaints is mandatory); *Tapia-Ortiz v. Winter*, 185 F.3d 8, 11 (2d Cir. 1999) ("Section 1915A requires that a district court screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint *sua sponte* if, *inter alia,* the complaint is 'frivolous, malicious, or fails to state a claim upon which relief may be granted.'") (quoting 28 U.S.C. § 1915A). This standard of review "appl[ies] to all civil complaints brought by prisoners against governmental officials or entities regardless of whether the prisoner has paid [a] filing fee." *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004) (internal quotation marks and citation omitted).

Rule 8 of the Federal Rules of Civil Procedure requires that a plaintiff plead only "a short and plain statement of the claim showing that the pleader is entitled to relief," *see* Fed. R. Civ. P. 8(a)(2), to provide the defendant "fair notice of what the . . . claim is and the grounds upon which it rests," *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the

speculative level" and assert a cause of action with enough heft to show entitlement to relief and "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570. A claim is facially plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although the Federal Rules of Civil Procedure do not require "detailed factual allegations," a complaint must offer more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Twombly*, 550 U.S. at 555–57. Plausibility at the pleading stage is nonetheless distinct from probability, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the claim] is improbable, and . . . recovery is very remote and unlikely." *Id.* at 556 (internal quotation marks omitted).

Complaints filed by *pro se* plaintiffs, however, "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F. 3d 471, 474 (2d Cir. 2006)) (internal quotation marks omitted); *see also Tracy v. Freshwater*, 623 F. 3d 90, 101–02 (2d Cir. 2010) (discussing the "special solicitude" courts afford pro se litigants).

### III.   DISCUSSION

Plaintiff does not articulate the type of claim that he seeks to raise against Defendants. The court liberally construes the allegations to assert a Fourth Amendment claim of excessive

force.[1]  For relief, Plaintiff seeks compensatory and punitive damages.  ECF No. 1 at 6.

As a preliminary matter, the court notes that Plaintiff's current mailing address is listed on the docket as Carl Robinson Correctional Institution in Enfield, Connecticut.  The State of Connecticut Department of Correction website reflects, however, that Plaintiff is no longer confined in a Department of Correction facility.  His location is listed as "Bridgeport PO-Jones, W."  *See* Department of Correction, Inmate Information, http://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=299990 (last visited January 12, 2022).  Local Rule 83.1(c)(2) requires every *pro se* litigant to notify the court if his or her mailing address changes at any time during the litigation of a case.  D. Conn. L. Civ. R. 83.1(c)(2) ("Any self-represented party must provide an address where service can be made upon

---

[1] Plaintiff does not include facts pertaining to the offenses for which he was arrested on June 8, 2018.  Nor does he contend that he was falsely arrested.  The court takes judicial notice of Moresca's state criminal case arising from his arrest on June 8, 2018, *State v. Moresca*, Case No. S01S-CR18-0194155-S, on the State of Connecticut Judicial Branch website.  *See Bristol v. Nassau Cnty.*, 685 Fed. App'x. 26, 28 (2d Cir. 2017) (court properly took judicial notice of state court criminal proceedings, which were "self-authenticating, publicly available records") (summary order); *Kavowras v. N.Y. Times Co.*, 328 F.3d 50, 57 (2d Cir. 2003) ("Judicial notice may be taken of public filings. . . .") (citations omitted). The docket reflects that Stamford police officers arrested Plaintiff on June 8, 2018 for committing the offense of possession with intent to sell a narcotic substance in violation of Connecticut General Statutes § 53a-278(b)(1)(A). On August 6, 2018, Plaintiff pleaded guilty to the possession of narcotics offense and a judge sentenced him to seven years of imprisonment.  On August 17, 2020, a judge modified his sentence to six years of confinement.  This information may be found on the website at: https://www.jud2.ct.gov/crdockets/CaseDetailDisp.aspx?source=Pending&Key=cfe9eaa8-3361-4f45-8fb0-0f83a261fb92 (last visited December 28, 2021). Because the criminal case arising from Plaintiff's arrest on June 8, 2018 did not terminate in his favor and Plaintiff does not allege that Defendants unlawfully arrested him, the court will not construe the amended complaint as asserting a false arrest claim under the Fourth Amendment. *See, e.g.*, *Hawkins v. Kramer*, No. 3:18CV474(KAD), 2019 WL 2015828, at *4 n.2 (D. Conn. May 7, 2019) ("The court notes that even if the false arrest claim arising from Hawkins' arrest on January 9, 2014 were not barred by the statute of limitations, it would fail to state a claim because Hawkins has not alleged that the criminal charges terminated in his favor. . . .  Indeed, he admits that he pleaded guilty to two criminal charges and 'therefore he cannot show a favorable termination of all the charges for which he was arrested as is required to sustain a claim for false arrest.'") (quoting *Febus v. Somody*, No. 3:18-CV-00640 (JAM), 2019 WL 1763093, at *3 (D. Conn. Apr. 22, 2019) and citing *Miles v. City of Hartford*, 445 F. App'x 379, 383 (2d Cir. 2011) (summary order) (reaffirming that "favorable termination is an element of a section 1983 claim sounding in false imprisonment or false arrest" under Connecticut law) (internal citations and quotations omitted); *Conquistador v. City of New Britain*, No. 3:16-CV-839 (MPS), 2019 WL 79425, at *5 & n.5 (D. Conn. Jan. 2, 2019) ("Conquistador's guilty plea independently and conclusively shows probable cause. A guilty plea and conviction of the charge arising from the allegedly false arrest is conclusive proof of probable cause[]" and "also shows that the criminal charges did not terminate in Conquistador's favor, as is required to pursue a false arrest claim under Connecticut law.") (citations omitted)).

such party."). Accordingly, Plaintiff is directed to file a written notice of his current mailing address within twenty days of the date of this order. Failure to file a notice within the time specified may result in dismissal of the case.

### A. Fourth Amendment Excessive Force Claim – Individual Capacities

In *Graham v. Connor*, 490 U.S. 386 (1989), the Supreme Court held that "*all* claims that law enforcement officers have used excessive force ... in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under a 'substantive due process' approach" derived from the Fourteenth Amendment. *Id.* at 395. In applying the reasonableness standard to an officer's use of force at the time of an individual's arrest, the court must pay "careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.* at 396 (citing *Tennessee v. Garner,* 471 U.S., at 8–9 (1985) (the question is "whether the totality of the circumstances justifie[s] a particular sort of ... seizure")). A police officer's "underlying intent or motivation" is irrelevant in determining whether the force used was objectively unreasonable in view of the facts and circumstances confronting him or her. *Graham*, 490 U.S. at 397 (citation omitted).

Plaintiff alleges that at the time of his arrest by Defendants, he had his hands raised in the air and did not resist the arrest. Pl.'s Am. Compl. 5, at ¶ 3, ECF No. 7. In effectuating his arrest, Sergeant Cooper slammed him to the ground and held him down. *Id.* at ¶ 2. As he lay on the ground, Officer Montanaro kicked and punched him and Sergeants Cooper and O'Brien assaulted him causing him to suffer two fractured ribs, eye swelling, and a head injury. His

injuries required treatment at a hospital. *Id.* at ¶¶ 4–7. There are no facts to suggest that Plaintiff was a flight risk or that he posed an imminent threat to the safety or security or to Defendants. Plaintiff has plausibly alleged that Sergeants Cooper and O'Brien and Officer Montanaro used excessive force against him during his arrest on June 8, 2018.

      **B.**    **Fourth Amendment Excessive Force Claim – Official Capacities**

Plaintiff seeks compensatory damages from Defendants in their individual capacities. Pl.'s Am. Compl. 6, ECF No. 7. He does not specify in which capacity he seeks punitive damages from Defendants. *Id.* To the extent that Plaintiff seeks punitive damages from Defendants in their official capacities, those claims are dismissed.

"Congress did not intend municipalities to be held liable [under § 1983] unless action pursuant to official municipal policy of some nature caused a constitutional tort." *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 691 (1978). To prevail on a claim against a municipality under § 1983 based on the actions of a public official, the plaintiff must prove: "(1) actions taken under color of law; (2) deprivation of a constitutional or statutory right; (3) causation; (4) damages; and (5) that an official policy of the municipality caused the constitutional injury." *Roe v. City of Waterbury*, 542 F.3d 31, 36 (2d Cir. 2008). The fifth element reflects the notion that "a municipality cannot be made liable under Section 1983 for acts of its employees by application of the doctrine of *respondeat superior.*" *Id.* (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 478 (1986). The same standard applies to claims against police officers and other municipal employees sued in their official capacities. *See Hafer v. Melo,* 502 U.S. 21, 25 (1991) (recognizing that claims brought against municipal employees in their official capacities are considered claims against the municipality).

6

Plaintiff offers no facts to suggest that Defendants engaged in the unnecessary or excessive use of force in effectuating his arrest on June 8, 2018 pursuant to an unconstitutional policy or custom of the City of Stamford. Rather, the incident that Plaintiff describes involving a use of force by Defendants appears to be an isolated occurrence. *See, e.g.*, *Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24 (1985) ("Proof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell*, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker."); *DeCarlo v. Fry*, 141 F.3d 56, 61 (2d Cir. 1998) ("a single incident alleged in a complaint, especially if it involved only actors below the policy-making level, does not suffice to show a municipal policy") (citation omitted); *Gainey v. Pagel*, No. 3:21-CV-43 (SRU), 2021 WL 2400256, at *6 (D. Conn. June 11, 2021) (dismissing official capacity claims against Waterbury police officers because plaintiff "does not set forth any facts that raise a plausible inference that the police misconduct was the product of anything other than the individual actions of the officers at the scene.").

Absent allegations that the conduct of Sergeants Cooper and O'Brien and Officer Montanaro was the result of a municipal policy or custom, Plaintiff has not stated a plausible Fourth Amendment claim under *Monell* against Defendants in their official capacities as employees of the City of Stamford. Accordingly, the Fourth Amendment claim of excessive force asserted against Defendants in their official capacities is dismissed. *See* 28 U.S.C. § 1915A(b)(1).

## ORDERS

The court enters the following orders:

(1)     The court will permit the Fourth Amendment excessive force claim to proceed against Sergeants Cooper and O'Brien and Officer Montanaro in their individual capacities.  To the extent that Plaintiff seeks damages from Sergeants Cooper and O'Brien and Officer Montanaro in their official capacities for excessive force in violation of the Fourth Amendment, the claim for relief is **DISMISSED** under 28 U.S.C. § 1915A(b)(1).

(2)     Within twenty (20) days of the date of this order, Plaintiff shall file a written notice of his current mailing address as required by D. Conn. L. Civ. R. 83.1(c)(2).  Plaintiff's failure to comply with this order within the time specified may result in dismissal of the case.

(3)     Because Plaintiff paid the filing fee in this case, he is responsible for serving the Amended Complaint, ECF No. 7, and a copy of this Order on Defendants, Stamford Police Sergeant Seth O'Brien, Stamford Police Sergeant Bryan Cooper, and Stamford Police Officer Michael Montanaro, in their individual capacities pursuant to Rule 4 of the Federal Rules of Civil Procedure.  **The Clerk is directed to send Plaintiff instructions for serving the Amended Complaint on Defendants in their individual capacities, together with one copy of the Amended Complaint, one copy of this Order, three blank Notice of Lawsuit forms, and three blank Waiver of Service of Summons forms.**

(4)     Within (30) thirty days of the date of this order, Plaintiff shall serve the Amended Complaint, ECF No. 7, on each Defendant in his individual capacity.  Rule 4(d) of the Federal Rules of Civil Procedure provides that service of a complaint on a defendant in his individual capacity may be effected by mailing: a Notice of Lawsuit form, a Waiver of Service of Summons form, a copy of the Amended Complaint, a copy of this Order, and a pre-paid envelope for returning the signed Waiver of Service of Summons form, to each defendant at his or her

address.  Plaintiff shall file a notice with the Clerk indicating the date on which he mailed the Notice of Lawsuit and Waiver of Services of Summons forms to Defendants in their individual capacities.  He shall also file the signed Waivers of Service of Summons forms that he receives from Defendants in their individual capacities with the Clerk.  The court cautions Plaintiff that Rule 4(m) of the Federal Rules of Civil Procedure requires dismissal of a case if the operative complaint or amended complaint is not served on Defendants within 90 days and there is no good cause to extend the 90-day period to effect service.  *See* Fed. R. Civ. P. 4(m).

(5)     Defendants Cooper, O'Brien, and Montanaro shall respond to the Amended Complaint, by filing either an answer or motion to dismiss, within sixty (60) days from the date Plaintiff mails the notice of lawsuit and waiver of service of summons forms to them.  If Defendants choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claims recited above.  They may also include any additional defenses permitted by the Federal Rules.

(6)     Discovery, under Federal Rules of Civil Procedure 26 through 37, shall be completed within six months (180 days) from the date of this order.  Discovery requests need not be filed with the court.

(7)     All motions for summary judgment shall be filed within seven months (210 days) from the date of this order.

SO ORDERED at Hartford, Connecticut this <u>Twelfth</u> day of January, 2022.

<u>/s/Omar A. Williams</u>
Omar A. Williams
United States District Judge